IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHÈLE TABURNO VASARHELYI, also known as MICHÈLE TABURNO VASARELY,<br><br>                Plaintiff,<br><br>v.<br><br>HECTOR M. ROJAS and MARIA I. MARTINEZ,<br><br>                Defendants. | Civil Action No.: 09 C 6256<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Michèle Taburno Vasarhelyi brings a constructive trust and quiet title action against Hector Rojas and Maria Martinez to resolve ownership of Chicago property. Defendants move to dismiss the complaint on a number of grounds. In the alternative, defendants move to transfer venue to the District of Puerto Rico. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the complaint and accepted as true for purposes of this motion. After her husband's death in 2002, Vasarhelyi relied on a close family friend, Luis Rojas, for financial guidance. Luis is the brother of defendant Hector Rojas (the court uses their first names for the sake of clarity). Vasarhelyi needed a studio for her business, but lacked the money to pay for it. Luis facilitated an arrangement whereby Hector purchased a studio at 312 North May Street in Chicago ("the May Street studio") for Vasarhelyi's sole use and benefit. Hector would pay the mortgage, taxes, and assessments, but title would be in Vasarhelyi's name.

In exchange, Hector received two artworks from Vasarhelyi with the understanding that she would retain possession in order to exhibit the artworks and increase their value. Contrary to their agreement, the property title listed Hector as the owner. Hector and Luis also diverted funds from Vasarhelyi's bank account to pay the mortgage, taxes, and assessments for the May Street studio. Vasarhelyi repeatedly demanded the title be corrected to list her as the legal owner, but to no avail. Notwithstanding her ownership interest, Luis has made efforts to sell the May Street studio on Hector's behalf.

## DISCUSSION

Defendants move to dismiss the complaint on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; and (4) failure to join a necessary party.[1] Alternatively, defendants seek to transfer venue to the District of Puerto Rico. The court addresses each argument in turn.

### I. Subject Matter Jurisdiction

Vasarhelyi bears the burden of demonstrating that subject matter jurisdiction exists. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court accepts well-pleaded allegations as true, and draws reasonable inferences in her favor. *Id.* When considering a motion to dismiss for lack of subject matter jurisdiction, the court may look beyond the pleadings to extrinsic evidence. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

The complaint bases federal jurisdiction on diversity of citizenship. Vasarhelyi is a French citizen residing in Chicago on a temporary nonimmigrant visa. Defendants are citizens

---

[1] Defendants' reply brief argues the complaint fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Arguments raised for the first time in reply are waived. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002).

2

and residents of Puerto Rico. Defendants do not dispute these factual allegations, but argue, without a coherent explanation, that Vasarhelyi fails to plead diversity. The court disagrees. Title 28 U.S.C. § 1332(a)(2) provides federal jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state." Puerto Rico is a "State" for purposes of diversity jurisdiction. 28 U.S.C. § 1332(e). Vasarhelyi has not been admitted to the United States for permanent residence; thus, she remains a citizen of a foreign state. 28 U.S.C. § 1332(a); *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir. 1997); *Kato v. County of Westchester*, 927 F.Supp. 714, 715-16 (S.D.N.Y. 1996). Diversity jurisdiction exists under § 1332(a)(2).

Vasarhelyi claims the amount in controversy exceeds the statutory requirement; diversity jurisdiction exists only if the amount exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount claimed in good faith by a plaintiff controls, and dismissal is appropriate only if it appears to a legal certainty that the claim is below the jurisdictional requirement. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). In cases seeking equitable relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Vasarhelyi submits a tax bill showing the May Street studio has an assessed value exceeding $100,000. Pl. Resp. Ex. A. Defendants offer no evidence indicating the property value is below the jurisdictional threshold. The amount in controversy requirement is satisfied.

*A. Domestic Relations Exception*

Defendants argue dismissal is required under the domestic relations exception to diversity jurisdiction. The domestic relations exception divests federal courts of power to issue "divorce,

3

alimony, and child custody decrees" or to adjudicate ancillary proceedings, such as suits to recover unpaid alimony. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). The exception is a limited one; defendants fail to adequately explain why it would apply to this case. *See Marshall v. Marshall*, 547 U.S. 293, 307 (2006) (exception applies only to a narrow range of domestic relations issues).

Vasarhelyi's complaint does not involve divorce, alimony, child custody, or any other domestic relations issue. She brings the complaint against Hector and his wife to determine rightful ownership of the May Street studio. The dispute turns on an agreement between Hector and Vasarhelyi regarding an exchange of artworks for ownership of real estate. It falls outside any tenable view of the domestic relations exception. *Kuhn v. Kuhn*, No. 98 C 2395, 1998 WL 673629, at *4 (N.D. Ill. Sept. 16, 1998) (Kocoras, J.) (exception not triggered by claim that does not involve distinctive forms of relief associated with domestic relations jurisdiction). Defendants contend the exception applies because of a prior relationship between Vasarhelyi and Luis, who is not a party. The two were allegedly involved in a romantic relationship, although they never married. In June 2009, Luis filed suit against Vasarhelyi in Puerto Rico for a division of assets. Def. Mot. Ex. C. The court may consider extrinsic evidence when determining jurisdiction. *Evers*, 536 F.3d at 656-67. But Luis' complaint in Puerto Rico does not establish that the present case falls within the core matters excluded from diversity jurisdiction by the domestic relations exception. Luis and Vasarhelyi were not married. He is not a defendant in this case nor is he alleged to have an ownership interest in the May Street studio. There is no evidence, only defendants' unsupported assertion, that Luis' civil action involves the May Street studio. Vasarhelyi's complaint does not implicate the domestic relations exception.

4

*B.     Younger Abstention*

Defendants argue the court should abstain from exercising jurisdiction pursuant to the *Younger* doctrine. The doctrine derives from the Supreme Court's holding that federal courts should abstain from interfering with pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* and its progeny, federal courts must abstain from enjoining ongoing state proceedings that (1) are judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). As long as important state interests are involved, *Younger* abstention applies even with respect to state court civil proceedings between purely private parties. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 14 n. 12, 17 (1987); *see also Kelm v. Hyatt*, 44 F.3d 415, 419-20 (6th Cir. 1995) (abstention appropriate where pending divorce proceeding implicated important state interests). A court considering *Younger* abstention "must determine that *both* the relief sought and the ongoing state proceedings warrant" abstention. *AFSCME v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990) (emphasis in original).

Defendants advise the court that a state proceeding is ongoing; namely, a civil action by Luis against Vasarhelyi. From this bare fact, defendants ask the court to abstain. Federal courts have a virtually unflagging obligation to exercise the jurisdiction afforded them; abstention is thus the exception, not the rule. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). The court is not persuaded that abstention is warranted in favor of litigation pending in Puerto Rico. Nothing in the record establishes that the Puerto Rico litigation is relevant to the present suit between Vasarhelyi and defendants. There is no evidence the Puerto Rico litigation has any bearing on the rightful ownership of the May Street studio (aside from defendants' unsupported

5

allegation). *See Bonnet v. Trs. of Sch. of Twp. 41*, 563 F.2d 831, 834 (7th Cir. 1977) (in diversity action regarding title, *Younger* does not mandate abstention in favor of parallel state proceedings). As the resolution of this case will not exert an undue influence on a state proceeding, the court shall not abstain from the proper exercise of its jurisdiction.

## II. Personal Jurisdiction

Plaintiffs are not required to allege facts establishing personal jurisdiction. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). However, once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists. *Id.* Absent an evidentiary hearing, the plaintiff is only required to show a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court resolves factual disputes in Vasarhelyi's favor. *Id.*

The court's personal jurisdiction is measured by the jurisdictional reach of Illinois state courts. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois extends personal jurisdiction to the limits of the Due Process Clause. 735 ILCS 5/2-209(c). Accordingly, the court has personal jurisdiction over defendants if they have sufficient minimum contacts with Illinois such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945). Vasarhelyi does not allege defendants have systematic and continuous contacts with Illinois sufficient to establish general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Analysis is therefore limited to whether she has made a prima facie showing of specific jurisdiction. Specific jurisdiction exists when a suit arises out of or relates to a defendant's contacts with the forum state. *Id.* at 414 n. 8.

6

Vasarhelyi alleges Hector purchased the May Street studio as part of their agreement. *See* Compl. Ex. B (signed letter from Hector acknowledging his purchase and transfer of the property). It is unclear if the agreement was negotiated in Illinois or if Hector traveled here to execute it. Nevertheless, his purchase of Chicago real estate is sufficient to establish specific jurisdiction for purposes of this case. *See* 735 ILCS 5/2-209(a)(3) (personal jurisdiction exists over person who owns, uses, or possesses Illinois real estate); *Cheng v. Wang*, No. 96 C 0681, 1998 WL 27140, at *12 (N.D. Ill. Jan. 16, 1998) (Hart, J.). Hector could reasonably anticipate being haled into an Illinois court regarding a dispute over ownership of the May Street studio. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Personal jurisdiction is reasonable and fair under these circumstances.

The same cannot be said with respect to the only other defendant, Maria I. Martinez. She is a Puerto Rico resident and is not alleged to have participated in the events underlying the complaint. Vasarhelyi admittedly names Martinez as a defendant only because, as Hector's wife, "she *may* have acquired right [*sic*] to the May Studio by virtue of homestead exemption laws." Compl. ¶ 14 (emphasis added). Vasarhelyi's response to the motion to dismiss provides no further basis for the exercise of personal jurisdiction. The complaint's unsupported assertion that Martinez "may" have in interest in the property is insufficient to establish the requisite connection between Martinez and Illinois. Accordingly, the complaint is dismissed without prejudice as to defendant Martinez.

### III. Venue

When diversity of citizenship serves as the jurisdictional basis, 28 U.S.C. § 1391(a) provides three forums in which venue is proper. As is relevant here, venue lies in a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a

7

substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). The complaint arises from the execution of an agreement involving the purchase of a Chicago real estate parcel. The sole purpose of the case is to resolve ownership of that property. Venue is clearly proper under § 1391(a)(2); defendants' argument to the contrary is frivolous.

Defendants contend the complaint should also be dismissed on the basis of *forum non conveniens*. Under this rule, the court may dismiss a case if an alternative forum is available and dismissal would serve the interests of justice, even though the case is properly before the court from the standpoint of subject matter and personal jurisdiction. *Hyatt Int'l Corp.*, 302 F.3d at 718. Defendants mention the rule by name, but they do not fully argue the underlying issues. The argument is therefore waived. *Weinstein v. Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir. 2005) (failure to develop an argument constitutes a waiver). Even if the argument were not waived, dismissal would not serve the interests of justice. Vasarhelyi's choice of forum is entitled to considerable weight. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553 (7th Cir. 2001). Moreover, the case bears on the legal ownership of property located in this district and likely requires the application of Illinois law. There is a local interest in having this property dispute decided here. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). Dismissal would be inappropriate on *forum non conveniens* grounds.

## IV. Necessary Parties

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal where a litigant fails to join a necessary party under Rule 19. Defendants bear the burden of showing that Vasarhelyi has failed to join a necessary and indispensable party. *Rotec Indus Inc. v. Aecon Group, Inc.*, 436 F.Supp.2d 931, 933 (N.D. Ill. 2006) (Castillo, J.). The court accepts Vasarhelyi's allegations as

true, but may look beyond the pleadings to determine whether she failed to join an indispensable party. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479-80 nn. 2, 4 (7th Cir. 2001).

In considering a Rule 12(b)(7) motion, the court engages in a two-step inquiry. First, the court must determine whether an outside party is necessary to the case. Fed. R. Civ. P. 19(a); *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). To answer that question, the court considers: (1) whether complete relief can be accorded without joinder; (2) whether the absent party's ability to protect his interest in the subject matter of the suit will be impaired; and (3) whether existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined. Fed. R. Civ. P. 19(a)(1); *Thomas*, 189 F.3d at 667. If the court finds the absent party should be included in the case but cannot be, the court must then decide whether the case can fairly proceed in his absence. Fed. R. Civ. P. 19(b); *Thomas*, 189 F.3d at 667.

Defendants argue Luis is a necessary party because of his prior relationship with Vasarhelyi and because he "is alleged to be the owner" of the May Street studio. Def. Mot. at 12. The latter assertion is incorrect. Vasarhelyi claims Luis played a role in the events underlying the complaint, but she does not allege he has ever had an ownership interest in the property. Hector allegedly purchased the May Street studio with the understanding that title would be placed in Vasarhelyi's name. The present case aims to resolve a dispute between Vasarhelyi and Hector as to the rightful owner of the May Street studio. Luis may have facilitated the agreement between them, but that does not make him an indispensable party for purposes of the equitable relief sought here. Defendants refer to the pending litigation between Luis and Vasarhelyi in Puerto Rico, but as noted above, there is no evidence the Puerto Rico litigation is relevant to the May Street studio. Defendants provide only bare assertions that Luis' absence risks incomplete relief

9

and impairs his ability to protect an interest in the property. Defendants do not contend they would be subjected to inconsistent obligations in the absence of joinder. Because they fail to explain why Luis is a necessary party to this case, the court denies defendants' Rule 12(b)(7) motion to dismiss and declines to order Luis' joinder.

## V.     Change of Venue

In the alternative to dismissal, defendants move to transfer venue to the District of Puerto Rico pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides district courts discretion to transfer a case in lieu of dismissal *when the case is filed in an improper venue*. 28 U.S.C. § 1406(a); *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008). As discussed above, venue is proper in this district under 28 U.S.C. § 1391(a)(2). The motion to transfer venue is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss or transfer venue is granted in part and denied in part. Defendant Martinez is dismissed without prejudice. The motion is denied in all other respects.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

February 26, 2010