# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6256 | **DATE** | 8/23/2010 |
| **CASE TITLE** | MICHÈLE TABURNO VASARHELYI v. HECTOR M. ROJAS | | |

**DOCKET ENTRY TEXT**

Defendant's motion for summary judgment [35] is granted. Judgment is entered for defendant Hector Rojas and against plaintiff Michèle Taburno Vasarhelyi. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notified counsel by telephone. Notices mailed by Judicial staff.

## STATEMENT

Michèle Taburno Vasarhelyi brings a constructive trust and quiet title action against Hector Rojas to resolve ownership of Chicago property. Rojas moves for summary judgment.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rojas bears the initial burden of demonstrating he is entitled to summary judgment. *Kramer v. Vill. of Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Once he meets this burden, Vasarhelyi must go beyond the pleadings and set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

Local Rule 56.1 requires litigants follow a specific procedure in filing and responding to summary judgment motions. Vasarhelyi failed to respond to Rojas' motion. Accordingly, Rojas' facts are deemed admitted. Local Rule 56.1(b)(3)(C). The failure to respond does not result in an automatic grant of summary judgment; the court must still determine whether Rojas is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e)(2); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995).

In December 2002, Rojas purchased a studio at 312 North May Street in Chicago. Def. Facts ¶ 8. Title was recorded in his name with the Cook County Recorder of Deeds on March 19, 2003. *Id.* In February 2006, Rojas sold the studio to his brother Luis. *Id.* ¶ 17. Luis had title recorded in his name with the Cook County Recorder on December 10, 2009. *Id.* Vasarhelyi brought this suit against Rojas in October 2009, alleging Rojas fraudulently obtained title. *Id.* ¶ 23; Def. Ex. A: Compl. ¶¶ 9, 12. Although Vasarhelyi did not respond to Rojas' motion for summary judgment, the basis of her complaint was she had an oral

| | Courtroom Deputy Initials: | air |
|---|---|---|

agreement with Rojas he would put title in her name in exchange for two artworks. Def. Ex. A: Compl. ¶ 9. The record is devoid of any oral or written agreement. Def. Facts ¶¶ 21, 22. Vasarhelyi was not in possession of the studio when she filed suit. *Id.* ¶¶ 18, 23.

Rojas asserts imposition of a constructive trust is time-barred. In Illinois, the limitations period applicable to constructive trusts is five years. *Eldridge v. Eldridge*, 246 Ill.App.3d 883, 892 (1st Dist. 1993). The clock accrues when a person knows or should reasonably know of facts entitling her to equitable relief. *Chicago Park District v. Kenroy, Inc.*, 58 Ill.App.3d 879, 893 (1st Dist. 1978). Vasarhelyi seeks imposition of a constructive trust to redress her allegation Rojas fraudulently obtained title. In Illinois, recorded title puts third parties on notice of real property ownership. 765 ILCS 5/30. Vasarhelyi knew or should have reasonably known of the alleged fraudulent title on March 19, 2003, when Rojas publicly recorded title in his name. *Id.* She has not proffered any evidence suggesting her claim accrued at a later date. Accordingly, she had until March 19, 2008, five years from March 19, 2003 to file suit. *Eldridge*, 246 Ill.App.3d at 892. She filed suit in October 2009, so her constructive trust claim is time-barred.

Rojas argues he is entitled to summary judgment on Vasarhelyi's action to quiet title. Illinois law requires Vasarhelyi be in actual possession of the studio at time of filing suit. *Dodge v. Nieman*, 150 Ill.App.3d 857, 860 (1st Dist. 1986). Vasarhelyi was not in possession of the studio at time of filing, and last remembers entering the property in April 2007 or 2008 - approximately one to two years before filing. Def. Facts ¶ 18; Def. Ex. B: Vasarhelyi Dep. Tr. at 20. She has not had a key to the studio in years. *Id.* ¶ 19; *Id.* at 21. Accordingly, the undisputed record shows she may not maintain an action to quiet title.

In addition this claim is barred because she cannot establish legal title, a requirement to quiet title. *Marlow v. Malone*, 315 Ill.App.3d 807, 812 (4th Dist. 2000). She has no writing evidencing title, but claims an oral agreement. Def. Facts ¶ 21; Def. Ex. B: Vasarhelyi Dep. Tr. at 210. Oral arrangements are not valid, enforceable agreements denoting title. *See Prodromos v. Poulos*, 202 Ill.App.3d 1024, 1028 (1st Dist. 1990) (only written real estate agreements containing property description, terms of sale and signatures are enforceable). Moreover, the record does not reveal the existence of an oral or written agreement between the parties. Def. Facts ¶¶ 21, 22. Recorded title indicates Rojas or his brother has been legal title holder since March 2003. *See United States v. Denlinger*, 982 F.2d 233, 235 (7th Cir. 1992) (recorded title is strongest evidence of ownership).

*Suzanne B. Conlon*